**Jay MORTON, Plaintiff,**

v.

**Jack W. BROWNE, Defendant.**

**No. Adm. 15–66.**

United States District Court,
D. Puerto Rico.

April 29, 1970.

**1316**

Elmer Toro-Lucchetti, Old San Juan,
P. R., for plaintiff.

William W. Bailey, St. Thomas, V. I.,
for defendant.

## MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

This action came on for hearing upon plaintiff's Motion for Summary Judgment filed on February 7, 1969 supported by his own affidavit, a certified copy of the preferred mortgage on the vessel Shrub from Betsy Ann Evers Browne to Frances H. Gardner, Articles of Agreement of the joint enterprise Ocean Products, newspaper clippings on the sinking of the Shrub and plaintiff's deposition taken in behalf of defendant. Attached to said deposition are Exhibits A through E for defendant which include:

(1) Photostatic copy of Assignment of Vessel Mortgage from Francis H. Gardner to Caribbean Sales Ltd. (Exh. A)

(2) Photostatic copy of letter dated August 11, 1962 signed by Jack W. Worth, President of Caribbean Sales, Ltd. assigning all interest in the joint venture Ocean Products to plaintiff for the sum of $6,000 and surrender and assigning to plaintiff three documents: (a) Articles of Agreement Ocean Products (b) Maritime Charter of the Commercial Vessel "Shrub" (c) the Assignment of Mortgage on the Vessel Shrub from Francis H. Gardner to Caribbean Sales (Exh. B).

(3) Exhibit C, for defendant, identified in the deposition as a photocopy of the original preferred ship's mortgage. This exhibit was not made a part of the deposition.[1]

(4) Articles of Agreement Ocean Products (Exhibit D).

(5) Maritime Charter of Commercial Vessel "Shrub" (Exhibit E).

Defendant's opposition to the motion [2] stated that "there are many issues of fact presented by the pleadings herein" and raised two questions of law which

1. Reporter's Note reads as follows. "Defendant's identification 'C' appears only in the original because it could not be photocopied."

allegedly barred allowance of summary judgment in this case. A certified abstract of title of the vessel "Shrub" was attached as part of the opposition. No counter affidavit was filed by defendant.

Having carefully examined the pleadings, the various documents, deposition and affidavit of the party requesting summary judgment and defendant's opposition, the Court, after due deliberation, is of the view that there is no genuine issue of fact and on the established facts the principles of substantive law warrant that summary judgment be entered in movant's favor. Defendant has merely stated that there are many issues of fact presented by the pleadings without setting forth specific facts to justify his opposition and without controverting, by affidavit or otherwise, the factual allegations made by plaintiff. The following facts appear without substantial controversy:

(1) The motor vessel Shrub, an Oil Screw of 167 Net Tonnage, 100 feet long, owned solely by Betsy Ann Evers Browne was mortgaged on July 12, 1962 to secure payment of a $6,000 debt owed to one Francis H. Gardner, the last payment being July 15, 1964. A certified copy of the preferred mortgage of the vessel Shrub appears on file in support of plaintiff's Motion for Summary Judgment.

(2) A certified abstract of title[3] of the vessel described above, dated April 26, 1968, reveals that the last instrument recorded was a preferred mortgage from Betsy Ann Evers Browne[4] to Francis H. Gardner dated July 12, 1962 and maturing on July 15, 1964 in consideration of $6,000. This instrument was received for record on July 13, 1962 at 9:00 A.M. and recorded at Book B-2-2, page 1105 at Miami, Florida.

(3) On July 11, 1962 said mortgage secured by the vessel Shrub and recorded at Miami, Florida was assigned by Francis H. Gardner to Caribbean Sales, Ltd., a chartered company of the Bahamas, in consideration of $10.00 and other valuable considerations unto him paid by said Bahamas company. This instrument is entitled Assignment of Vessel Mortgage and is identified as Exhibit A for defendant, attached to the deposition of plaintiff.

(4) On July 10, 1962 an agreement known as Articles of Agreement (Exhibit D for defendant attached to plaintiff's deposition) was entered into and signed by the following parties: Jack W. Browne, defendant herein, Robert C. Moran, Doris Bunnel and Caribbean Sales, Ltd. per Jack W. Worth, President. The parties agreed to engage in a joint enterprise to be known as Ocean Products which included fishing and salvage among its activities.

(5) Three days later, on July 13, 1962 the joint venture Ocean Products as charterer agreed to hire the commercial fishing vessel named Shrub from its owner, Betsy Ann Evers Browne, for the period beginning July 13, 1962 and ending July 14, 1964. Said agreement entitled Maritime Charter of Commercial Vessel was signed and executed by these parties, to wit:

(1) Betsy Ann Evers Browne, titular owner of the "Shrub" and defendant's wife.

(2) Ocean Products, charterer, per: Jack W. Browne, defendant herein; Doris Bunnell, Robert C. Moran, Caribbean Sales, Ltd. per Jack W. Worth President.

(6) The following significant clauses appear in the aforesaid Maritime Charter of the "Shrub":

Clause numbered 4 reads: "The Charterer agrees to keep the vessel fully insured against Fire, Marine and Collision Risks, and with Protection and Indemnity coverage for the term of the charter."

Clause numbered 9 provides: "The Charterer agrees that during the ten-

---

2. Defendant filed his answer to the amended complaint one week after presenting his opposition to the entry of summary judgment.

3. Attached in support of defendant's opposition to summary judgment.

4. Betsy Ann Evers Browne was defendant's wife.

ure of this agreement Jack W. Browne shall be Master of the vessel with all due authority bestowed upon Masters by Maritime Law."

(7) Subsequently, plaintiff entered into negotiations with defendant Jack Browne and Jack W. Worth, President of Caribbean Sales, Ltd. with the intention of purchasing the interest owned by Caribbean Sales, Inc. in the joint venture known as Ocean Products. Defendant Browne represented to plaintiff that the money to be invested by him in Ocean Products would be used for the purpose of equipping the vessel "Shrub," working capital, payment of the crew and acquiring maritime insurance.

█ (8) By a document dated August 11, 1962 plaintiff Morton was conveyed and assigned all interest of Caribbean Sales, Ltd., in Ocean Products, the Bahamas joint enterprise aforementioned, in consideration of the sum of $6,000 placed in trust and invested by said Caribbean Sales, Ltd. for plaintiff as his nominee trustee in this venture. As part of said transaction the assignment of the mortgage of the vessel "Shrub" from one Francis H. Gardner to Caribbean Sales, Ltd. was transmitted and assigned to plaintiff along with two other documents:

1. Articles of Agreement Ocean Products

2. Maritime Charter of the Commercial Vessel "Shrub".

(9) In accordance with the representations made to plaintiff and contained in the instruments of the assignment,[5] defendant Browne bound himself to acquire marine insurance covering the vessel.

(10) Plaintiff advanced $6,000 to defendant as master for the purpose of outfitting the vessel and obtaining insurance. Said funds were used by defendant to outfit the vessel but he failed to acquire marine insurance as represented to plaintiff.

(11) In February 1963 the vessel "Shrub" was out at sea captained by defendant Browne when it sank and became a total loss. As a result of defendant's breach of duty in failing to insure the vessel, plaintiff was deprived of his security and could not be compensated therefor by insurance.

█ Finally, defendant has raised two questions of law in opposition to the motion for summary judgment. The two legal issues, which purportedly serve as a bar to summary judgment, set forth in the opposition, literally read as follows:

"(a) 46 U.S.C.A. Sec. 961(d) (Assignment void) in support of which the defendant submits herewith a photostat copy of the Certified Abstract of Title of the vessel involved, and

(b) Code of Federal Regulations, Section 3.33(c) (mortgage invalid unless recorded) in support of which the same Abstract of Title is herewith submitted."

Subsection (d) of 46 U.S.C. § 961 provides that:

"No rights under a mortgage of a vessel of the United States shall be assigned to any person not a citizen of the United States without the approval of the Secretary of Commerce. Any assignment in violation of any provision of this chapter shall be void."

Defendant has offered a certified copy of the Abstract of Title of the "Shrub" dated April 26, 1968 in support of his first contention. Said document sheds no light on this matter and offers no factual basis whatsoever to reach the conclusion that the rights under the mortgage of the vessel "Shrub" were assigned to a person not a citizen of the United States without the approval of the Secretary of Commerce. The certified copy of the record of the vessel reveals that the last instrument presented for recording was a preferred mortgage covering the "Shrub" from Betsy Ann Evers Browne to Francis H. Gardner.

5. Specifically in the Maritime Charter of the Vessel "Shrub" which required the charterer to provide the ship with insurance against risks of the sea.

There is no assignment of mortgage recorded with respect to the vessel. Furthermore, defendant in his brief statement of the legal question involved, has failed to state who, if anyone, is not a citizen of the United States to whom the rights under the mortgage were assigned. No evidence whatsoever has been offered to substantiate the argument that Section 961(d) of Title 46 is applicable herein nor is there any intimation, in the event that said provision should apply, that the requisite approval of the Secretary of Commerce was not obtained by the parties to the assignment.[6]

In passing upon defendant's second argument I must emphasize that this action is essentially based on a breach of duty and is not one in the nature of foreclosure proceedings brought upon the default of the terms or conditions of the preferred mortgage upon the vessel. The validity of the mortgage is not here in issue. In his alternative argument defendant has very briefly alleged that under 19 C.F.R. § 3.33(c) a mortgage is invalid unless recorded and once more calls upon the Abstract of Title in support thereof. The certified copy of the Abstract of Title plainly shows that the preferred mortgage upon the vessel Shrub, to which we have repeatedly made reference to, was the last instrument recorded therein. This exhibit does not help defendant. It does *nothing more than to disprove his version.* In any event, defendant cannot avail himself of the regulation set forth in his opposition as basis for the invalidity of the vessel mortgage. The regulation referring to recording of bills of sale and mortgages, 19 F.C.R. § 3.33(c) which was cited in the opposition provides in its pertinent part that:

"No such instrument shall be valid against any person other than the vendor, mortgagor, pledgor, grantor, the heirs or devisees of any of the foregoing, *or a person having actual notice thereof*" (Emphasis supplied.)

Defendant's discharge of the duties as master of the "Shrub" and his conduct in the dealings with plaintiff clearly show that he was "a person having actual notice thereof" under 19 F.C.R. § 3.33(c). I address myself to the provisions contained in 46 U.S.C. § 923 which impose a statutory duty upon the master to exhibit, upon request, copy of any preferred mortgage of the vessel placed on board thereof. Section 941 of Title 46 penalizes a master by suspending or canceling his license if he wilfully fails to exhibit the documents or the copy of any preferred mortgage of the vessel as required by § 923.

Since there is no controversy as to any material fact, and since neither of the alternative arguments raised in opposition are meritorious the Motion for Summary Judgment filed by plaintiff is granted as to the first cause of action pleaded in the amended complaint. The second cause of action seeks no damages and no affirmative relief and is hereby denied. A separate judgment, in summary form, will accompany this opinion.

It is so ordered.

## SUMMARY JUDGMENT

The Motion of plaintiff Jay Morton for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure having been presented, and the Court being fully advised,

The Court finds that the plaintiff is entitled to summary judgment on the first cause of action as a matter of law. The second cause of action is dismissed for no relief is sought from the Court on the basis of the facts alleged therein.

It is therefore ordered, adjudged and decreed that plaintiff's Motion for Summary Judgment be and the same is hereby granted as to the First Cause of Action and that the plaintiff Jay Morton recover of the defendant Jack W. Browne the sum of $6,000 plus interest thereon from the day of entry of this judgment, and his costs of action.

---

6. There are two assignments involved in the factual situation of this case. Defendant simply contends: "Assignment void"—without specifying which.